## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Calvin Zastrow and Corrie Zastrow,** | ) | Case No. 3:18-cv-1778 |
| | ) | |
| **Plaintiffs,** | ) | Judge James G. Carr |
| | ) | |
| | ) | **ANSWER TO COMPLAINT AND** |
| **v.** | ) | **COUNTERCLAIM** |
| | ) | |
| **City of Toledo et al,** | ) | Dale R. Emch, Director of Law |
| | ) | (0080004) |
| | ) | John T. Madigan, Senior Attorney |
| **Defendants.** | ) | (0023614) |
| | ) | City of Toledo, Department of Law |
| | ) | One Government Center, Suite 2250 |
| | ) | Toledo, Ohio 43604-2293 |
| | ) | Telephone: (419) 245-1020 |
| | ) | Fax: (419) 245-1090 |
| | ) | |
| | ) | Counsel for Defendants |

Now come Defendants City of Toledo, George Kral, Michael Haynes, and Angela Knoblauch ("Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, state as follows:

1

## INTRODUCTION

1. Defendants admit that this case has been brought under 42 USC §1983 as alleged in Paragraph 1 of Plaintiffs' Complaint but deny the remaining allegations contained therein.

2. Defendants deny the allegations in Paragraph 2 of Plaintiffs' Complaint in the form and manners alleged and leave Plaintiffs to their proofs.

## JURISDICTION AND VENUE

3. Paragraph 3 is a jurisdictional statement of the law to which no response is required. To the extent it includes any factual allegations, they are categorically denied.

4. Paragraph 4 is a jurisdictional statement of the law to which no response is required. To the extent it includes any factual allegations, they are categorically denied.

5. Paragraph 5 is a jurisdictional statement of the law to which no response is required. To the extent it includes any factual allegations, they are categorically denied.

6. Defendants deny Plaintiffs' claim for litigation costs is authorized by 42 U.S.C. § 1983 and other applicable law.

7. Paragraph 7 is a statement of venue to which no response is required. To the extent it includes any factual allegations, they are categorically denied.

## PLAINTIFFS

8. Defendants admit that Plaintiffs are adult citizens of the United States. Defendants deny the remaining allegations in Paragraph 8 of Plaintiffs' Complaint for lack of knowledge.

9. Defendants deny the allegations in Paragraph 9 of Plaintiffs' Complaint for lack of knowledge.

10. Defendants deny the allegations in Paragraph 10 of Plaintiffs' Complaint for lack of knowledge.

## DEFENDANTS

11. Defendants admit that the City of Toledo ("City") is a municipal entity with the capacity to sue and be sued as alleged in Paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit that Defendant George Kral is the Chief of Police of the Toledo Police Department ("TPD"), but deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

13. Defendants admit the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants admit that officers Defendants Haynes and Knoblauch are police officers employed, trained, and supervised by the City, but deny the remaining allegations in Paragraph 17 of Plaintiffs' Complaint for lack of knowledge.

## STATEMENT OF FACTS

18. Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiffs' Complaint for lack of knowledge.

20. Defendants deny the allegations in Paragraph 20 of Plaintiffs' Complaint for lack of knowledge.

21. Defendants admit that Capital Care is located in a commercial district along West Sylvania Ave. in Toledo, Ohio, but deny the remaining allegations in Paragraph 21 of Plaintiffs' Complaint for lack of knowledge.

22. Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint for lack of knowledge.

23. Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint for lack of knowledge.

24. Defendants admit that Corrie Zastrow was advised by Officer Haynes not to block the sidewalk in front of Capital Care but deny the remaining allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Defendants admit that Officer Haynes informed Corrie Zastrow concerning the elements of the offense of Disorderly Conduct but deny the remaining allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiffs' Complaint for lack of knowledge.

27. Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint for lack of knowledge.

28. Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint for lack of knowledge.

29. Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint for lack of knowledge.

30. Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint for lack of knowledge.

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint for lack of knowledge.

34. Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint for lack of knowledge.

35. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint for lack of knowledge.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint for lack of knowledge.

37. Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint for lack of knowledge.

38. Defendants admit the Plaintiff Calvin Zastrow was arrested on October 3, 2017 but deny the remaining allegations in Paragraph 38 of Plaintiffs' Complaint for lack of knowledge.

39. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint for lack of knowledge.

40. Defendants admit the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

42. Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

43. Defendants admit there was a release entered into between Plaintiff Calvin Zastrow and Defendants, but deny that Plaintiff is seeking only declaratory and injunctive or that said release fails to operate as a complete bar to Plaintiffs' instant claims.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint for lack of knowledge.

45. Defendants admit that on January 6, 2018 Officer Knoblauch advised Corrie Zastrow that she could not block a driveway entrance but deny the remaining allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants admit to the contents of Toledo Municipal Code §509.08 as set forth in Paragraph 48 of the Plaintiffs' Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

50. Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint for lack of knowledge.

52. Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

### **FIRST CLAIM FOR RELIEF**

53. Defendants hereby incorporate by reference all hitherto stated paragraphs.

54. Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

55. Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

56. Defendants deny the allegations in Paragraph 56 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

57. Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

58. Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

59. Defendants deny the allegations in Paragraph 59 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

**SECOND CLAIM FOR RELIEF**

60. Defendants hereby incorporate by reference all paragraphs hitherto stated.

61. Defendants deny the allegations in Paragraph 61 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

62. Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

63. Defendants deny the allegations in Paragraph 63 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

64. Defendants deny the allegations in Paragraph 64 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

65. Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

## THIRD CLAIM FOR RELIEF

66. Defendants hereby incorporate by reference all paragraphs hitherto stated.

67. Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

68. Defendants deny the allegations in Paragraph 68 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

69. Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

70. Defendants deny the allegations in Paragraph 70 of Plaintiffs' Complaint in the form and manner alleged and leave Plaintiffs to their proofs.

## FIRST AFFIRMATIVE DEFENSE

71. The Defendants state Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

72. The Plaintiffs have failed to name as parties defendant all persons necessary for a complete and just adjudication.

## THIRD AFFIRMATIVE DEFENSE

73. The Defendants state that any claims which the Plaintiffs may have against them are barred by O.R.C. § 2744.01 et seq.

## FOURTH AFFIRMATIVE DEFENSE

74. Defendants state that at all times they were acting in good faith and with probable cause.

**FIFTH AFFIRMATIVE DEFENSE**

75. Defendants state that the allegations in Plaintiffs' Complaint do not rise to the level of a deprivation of their Constitutional rights as secured by the United States or Ohio Constitutions.

**SIXTH AFFIRMATIVE DEFENSE**

76. The Defendants state that the Plaintiffs are precluded from pursuing their claim by virtue of the absolute and qualified immunity granted to them by law.

**SEVENTH AFFIRMATIVE DEFENSE**

77. Defendants acted in accord with the Ohio Revised Code and Federal Laws at all times relevant to this matter.

**EIGHTH AFFIRMATIVE DEFENSE**

78. Plaintiff Calvin Zastrow's claims are barred by the release entered into between he and the City on May 15, 2018.

**NINTH AFFIRMATIVE DEFENSE**

79. Plaintiff Corrie Zastrow lacks standing to prosecute any claim arising under the laws of the United States.

**TENTH AFFFIRMATIVE DEFENSE**

80. Plaintiff has failed to join all necessary parties for just adjudication of their claims as required by law, and therefore any recovery is barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

81. Named Defendant City of Toledo is not vicariously liable under 42 U.S.C. Section 1983 for any alleged acts of any individual employees.

### TWELFTH AFFIRMATIVE DEFENSE

82. Any individual named Toledo police officer is entitled to qualified immunity under law as to all claims asserted against him or her in their individual capacity.

### THIRTEENTH AFFIRMATIVE DEFENSE

83. To the extent that any Toledo Police Officers are named in their individual capacities, said Defendants conducted themselves at all times material to Plaintiff's Complaint in a manner authorized by law and thus cannot be found liable in their individual capacities.

### FOURTEENTH AFFIRMATIVE DEFENSE

84. The Defendant officers were not engaged in any unconstitutional activity or mission and therefore Plaintiff has sustained no constitutional deprivation or violation.

### FIFTEENTH AFFIRMATIVE DEFENSE

85. Named Defendant City of Toledo has not adopted or followed any governmental custom, usage or official policy, nor has it failed to adopt constitutional policies so as to give rise to the claims set forth in Plaintiff's Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

86. Plaintiff is barred from asserting these claims by the applicable statute of limitations.

### SEVENTEENTH DEFENSE

87. At the time of the filing of Plaintiff's Complaint, there was no well-grounded factual or legal basis to support an entitlement to the relief requested therein, nor has there ever been any such basis to support same. Plaintiff's claims are, therefore, frivolous, unreasonable, groundless and without merit, and the Defendants are entitled to an award of reasonable attorneys fees and all costs and expenses incurred in the defense of this action.

88. Defendants reserve the right to amend their answer by asserting additional defenses which discovery may reveal.

Further pleading, Defendants denies any and all remaining allegations and all aspects and any subparts thereof of Plaintiff's prayer for judgment.

## COUNTERCLAIM

89. Paragraphs 1 through 88 of the Defendant's answer are incorporated by reference.

90. The Defendant City of Toledo ("City") is a charter municipal corporation organized and existing under the Constitution and laws of the State of Ohio with the power and authority to enforce laws of the State of Ohio protecting the public health, safety and welfare.

91. The State of Ohio has enacted Ohio Revised Code Section 2917.11 which states, in part:

" (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by     doing any of the following:

* * *

(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender; "

92. It is the Defendants' belief that on October 3, 2017 the Plaintiffs recklessly caused annoyance, inconvenience or alarm to persons attempting to use the public sidewalk in front of 1160 West Sylvania, Ave., Toledo by obstructing the free passage of persons.

93. It is the Defendants' further belief, that unless permanently enjoined, the Plaintiffs will continue violate Ohio Revised Code §2917.11(A)(4) at 1160 West Sylvania Avenue presenting an immediate risk of harm to the public health, safety and welfare.

11

94. The Defendant, City of Toledo, is entitled to a preliminary injunction and a permanent injunction prohibiting the Plaintiffs from hindering the movement of persons using the public sidewalk adjacent to 1160 West Sylvania Avenue, Toledo, Ohio in violation of Ohio Revised Code §2917.11.

**WHEREFORE,** Defendants pray that Plaintiff's claims against Defendants be dismissed with prejudice and that judgment be entered for Defendants, together with costs, reasonable attorneys' fees, and for such other relief as is just and equitable.

Defendants further pray for a preliminary and permanent injunction, enjoining the Plaintiffs from hindering or interfering with the free movement of persons on the public sidewalk or in the public right of way adjacent to 1160 West Sylvania Avenue, Toledo, Ohio.

Respectfully submitted,

DALE R. EMCH, DIRECTOR OF LAW

/s/ John Madigan, Senior Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing answer was filed electronically this 12th day of October, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John Madigan, Senior Attorney